ABRAMS SONS' REALTY CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTATE OF HARRY ABRAMS, DECEASED, CLARA PLISKIN, LOUIS GROSSBERG AND MORRIS E. LASDON, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 92751, 96595.   Promulgated October 6, 1939.

*Benjamin E. Shove, Esq.*, for the petitioners.
*C. C. Holmes, Esq.*, for the respondent.

OPINION.

MURDOCK: The corporate petitioner claims that the proceeds of the condemnation never belonged to it but were to go and did go to the creditors of a partnership. It argues that the Commissioner erred in taxing it as if it had sold a piece of its own property at a profit. The respondent contends that the petitioner was the owner of the property and taxable with the gain. The evidence shows that the record title was transferred to this corporation merely for the purpose of benefiting the creditors of the partnership and there never was any intention that the petitioner could benefit from the ownership of the property. It did not benefit and dissolved as soon as its purpose was accomplished. It was a mere trustee or agent to dispose of the property for Harry and Louis Abrams and a conduit to distribute the entire proceeds to their creditors. The following quotation from *112 West 59th Street Corporation* v. *Helvering*, 68 Fed. (2d) 397, is apposite:

In *Central Life Society* v. *Commissioner*, 51 F. (2d) 939, 941, the Court of Appeals in the Eighth Circuit, speaking through Judge Stone, said: "Tax laws are essentially practical in their purposes and application, and the federal income tax laws are no exception. While, for purposes of convenience and certainty in collection of such taxes, it is sometimes provided that those who collect income for others shall pay therefrom the taxes thereon, yet a cardinal purpose of the income tax laws is to tax the income to the person who has the right or beneficial interest therein, and not to throw the burden upon a mere collector or conduit through whom or which the income passes."

We think this is a correct statement of the law. If, therefore, it appears, as we think it does appear, that petitioner was a mere "conduit," and that it never at any time had any legal right to retain the profits from the transaction in question and never at any time had possession of such profits, but that on the contrary the profits in right and in law were always the property of the trust, then it would seem to follow that the liability to pay the tax under the federal income tax laws was solely a liability of the trust and not a liability of petitioner. And this is particularly true when we consider that the former duly reported and paid the tax and no question of bad faith in the organization of petitioner or in its participation in the transaction is or can be attributed to it. The brief of the Commissioner frankly says "there is no fraud here."

That petitioner on the admitted facts is a mere trustee is beyond question. If the contest, instead of involving a tax, were a contest between petitioner

and the trust, it would be unconscionable to argue that, because the property was taken in petitioner's name, it could claim a beneficial ownership therein. It may well be that at the time of the transaction there was no specific or formal agreement that petitioner should hold the property for the benefit of the trust, but the absence of such agreement or the lack of formality does not alter the obvious intent of the arrangement. No court would in the circumstances we have named permit it to retain the property or the profits in fraud of the real owner. Petitioner is a New York corporation, and the doctrine we have stated is that recognized and enforced by the courts of that state.

See also *Stewart Forshay*, 20 B. T. A. 537; *Moro Realty Holding Corporation*, 25 B. T. A. 1135; *Thrift Realty Co.*, 29 B. T. A. 545; *Mark A. Mayer*, 36 B. T. A. 117. Cf. *Greenleaf Textile Corporation*, 26 B. T. A. 737; *Harold B. Franklin*, 34 B. T. A. 927. No part of the gain is taxable to the corporate petitioner.

The Commissioner has determined that the net amount realized from the condemnation was $90,777.43 and the basis of the Harry Abrams estate upon its one-half was $31,525. Counsel for the estate concedes that the difference of $13,863.72 between the basis and one-half of the amount realized is gain of the estate from the disposition of a capital asset held for more than two and less than five years, so that 60 percent of the gain, or $8,318.23, would be taxable income. $10,178.11 was reported on the return. He concedes two other adjustments made by the Commissioner and states that the correct deficiency is $9.12. He does not contest the 5 percent penalty under section 406 of the Revenue Act of 1935.

*Decision will be entered under Rule 50.*